IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
SCOTT MYERS,                        :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :   CIVIL ACTION NO. 17-00499-KD-B
                                    :
UNITED STATES MARSHAL SERVICE,      :
et. al.,                            :
                                    :
     Defendants.                    :
```

**REPORT AND RECOMMENDATION**

Plaintiff Scott Myers, while incarcerated at the Escambia County jail, filed a *pro se* action asserting claims against the U.S. Marshal Service, pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), and against jail officials at Mobile Metro Jail and the Escambia County jail pursuant to 42 U.S.C. § 1983. (Doc. 1). In his complaint, Myers alleges various injuries, including his assertion that the Escambia County Defendants were denying him kosher meals, which, due to his religious beliefs, prevents him from eating. (Id. at 2).

In addition to his complaint, Myers also filed several motions, including a "Motion for Temporary Restraining Order" (doc. 4), "Motion for Expedited Consideration of TRO Application" (doc. 7), "Motion for Hearing" (doc. 11), "Request for Ruling by District Judge" (doc. 13), "Emergency Motion for

Order to Feed Prisoner" (doc. 14), "Second Emergency Motion for Order to Feed Prisoner" (doc. 15), and "Third Emergency Motion to be Fed" (doc. 17). The gist of Myers' motions for injunctive relief is his contention that Defendants are not providing him kosher meals in compliance with his religious beliefs, and Bureau of Prison policy, and that he should be moved to another facility where such meals will be served. (Doc. 7).

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Myers demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) that the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) that the injunction would not be adverse to the public interest. Palmer, 282 F.3d at 1329. "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." McDonald's, 147 F.3d at 1306 (internal quotations omitted); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (noting that a preliminary

2

injunction is issued only when "drastic relief" is necessary).

In response to Myers' motions, the Marshal's Service submitted a Notice advising the Court that Myers' complaints regarding food had been investigated, that Escambia County jail officials were directed to provide Myers with only kosher meals, that Myers was being provided with kosher meals, and that Myers was scheduled to be transferred on December 16, 2017, to the Robert Deyton Detention facility in Lovejoy, Georgia, for his designation to the Bureau of Prisons[1]. (Doc. 16). Myers recently filed a Notice of Change of Address confirming his transfer to the Robert Deyton facility. (Doc. 18). In light of the fact that Plaintiff has been transferred in accordance with his request and is no longer housed at the facility where the alleged constitutional violations were occurring, the undersigned finds that Myers' claims for injunctive relief are due to be **DENIED** as **MOOT**. Larkin v. Lawrence, 2009 U.S. Dist. LEXIS 83002 (S.D. Ga. Sept. 11, 2001)(where the plaintiff was no longer incarcerated in the facility at which the alleged unconstitutional acts occurred and where the named Defendants were located, claim for injunctive relief deemed moot); *see also* Calloway v. Stewart, 2014 U.S. Dist. LEXIS 157589 (S.D. Ala.

---

[1] Myers was sentenced to a term of 13 months following the revocation of his supervised release in Criminal Case No. 8-00074-WS on August 24, 2017. While awaiting a prison designation by the Bureau of Prison, Myers was housed at the Escambia County facility in August 2017.

3

Oct. 9, 2014)(Prisoner's claims that related solely to the conditions of confinement at Fountain and J.O. Davis facilities became moot as a result of the prisoner's transfer to the Loxley Work center.). Accordingly, the undersigned **recommends** that Myers' "Motion for Temporary Restraining Order" (doc. 4), "Motion for Expedited Consideration of TRO Application" (doc. 7), "Motion for Hearing" (doc. 11), "Request for Ruling by District Judge" (doc. 13), "Emergency Motion for Order to Feed Prisoner" (doc. 14), "Second Emergency Motion for Order to Feed Prisoner" (doc. 15), and "Plaintiff's Third Emergency Motion to be Fed" (doc. 17) be **DENIED** as **MOOT**.

## CONCLUSION

For the reasons outlined above, the undersigned finds that Myers claim for a preliminary injunction is moot. Accordingly, it is the recommendation of the undersigned Magistrate Judge that Myers' motions for injunctive relief be **DENIED** as **MOOT**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party

4

failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **21st** day of **December, 2017.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**