IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT MYERS,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>U.S MARSHAL SERVICE, *et al.*,  )<br>    Defendants.  ) | CIVIL ACTION: 17-00499-KD-B |

**ORDER**

This matter is before the Court on *pro se* prisoner Plaintiff Scott Myers (Myers)' "Objection to Magistrate's order Denying motion to recuse" (Doc. 37), which the Court construes as a partial[1] appeal of that portion of the Magistrate Judge's May 1, 2018 Order addressing recusal. (Doc. 34).

On May 1, 2018, Magistrate Judge Bivins issued a non-dispositive order addressing (in part) Myers' recusal request (denying same). (Doc. 34). Myers signed his motion on May 13, 2018, the motion's accompanying envelope is postmarked May 22, 2018, and the motion was filed in this Court on May 25, 2018. Rule 72(a) of the Federal Rules of Civil Procedure governs orders issued by Magistrate Judges with regard to non-dispositive matters, such as here. Specifically:

> **(a) Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

See also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous

---

[1] While the order addressed a variety of claims/issues, no other grounds for appeal are asserted.

or contrary to law[]").

Thus, Magistrate Judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the definite and firm conviction that a mistake has been committed." Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459, 460 (M.D. Ala. 2001) (citations omitted). As explained in Manno v. Healthcare Rev. Recovery Group, LLC, 2012 WL 4192987, *2 (S.D. Fla. Sept. 18, 2012):

> "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."…only when the district court "is left with the definite and firm conviction that a mistake has been committed."…"Clear error is a highly deferential standard of review."…"This standard has been described as 'a very difficult one to meet.'"…

See also e.g., Muhammad v. HSBC Bank USA, N.A., 399 Fed. Appx. 460, 462 (11th Cir. 2010). "Put another way, in the absence of a legal error, the district court may reverse only if there was an "abuse of discretion" by the magistrate judge. *Cf. Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401…(1990)…). Koch Foods of AL LLC v. General Elec. Capital Corp., 531 F.Supp.2d 1318, 1319 (M.D. Ala. Jan. 17, 2008).

At the outset, Myers' motion appears to be filed beyond the 14-day window of Rule 72(a). However, under the prisoner mailbox rule, the Court allots for additional time. Providing for three (3) additional days for service of the May 1, 2018 Order via mail -- i.e., that he received the Order on May 4, 2018 -- Myers had to file his motion (or place same in the prison mail system) within 14 days of said receipt (by or on May 18, 2018). Myers dated his motion's signature as May 13, 2018, but the motion's accompanying envelope is postmarked May 22, 2018, and the motion was not actually filed in this Court until May 25, 2018. The prisoner mailbox rule provides that a *pro se* prisoner's filing is considered filed "on the date that the prisoner delivers the notice to prison

authorities for mailing." Edwards v. Apple Computer, Inc., 2016 WL 888596, *1 (11th Cir. Mar. 9, 2016). Myers has provided no information as to what date he delivered his motion to prison authorities (before it was actually placed by the prison authorities in the U.S. Mail). The Court will presume that Myers delivered his motion to prison authorities on May 13, 2018, the date he signed the motion. Houston v. Lack, 487 U.S. 266, 271 (1988); Adams v. United States, 173 F.3d 1339, 1340-1341 (11th Cir. 1999); Garvey v. Vaughn, 993 F.2d 776, 780 (11th Cir. 1993). Thus, considering May 13, 2018 as the date Myers placed his motion in "inmate mail," the motion is deemed timely filed.

As for the merits, the Court has reviewed the Magistrate Judge's decision on recusal (Doc. 34) and Myers' appeal (Doc. 37). Myers seeks recusal of the Magistrate Judge, claiming the judge "stepped outside[] the judge's role" by asking the U.S. Marshal to investigate Myers' claims and provide an *ex parte* report to the Court; and that the judge is "attempting to impede" him from bringing his case to trial by refusing to allow him to subpoena the identities of U.S. Marshal deputies. Myers has failed to submit evidence that the Magistrate Judge harbors any bias or personal prejudice against him or to submit any other grounds for recusal. Instead, Myers' recusal argument is based on speculation and conjecture as to the Magistrate Judge's relationship with the U.S. Marshal and his personal belief that the Magistrate Judge is attempting to impede him from litigating his case. Thus, Myers has failed to show that the recusal or disqualification of the Magistrate Judge is necessary. See, e.g., Bethel v. City of Selma, Al., 2006 WL 3423808, *1 (S.D. Ala. Nov. 28, 2006) (citing Draper v. Reynolds, 369 F.3d 1270, 1281-1282 (11th Cir.2004) (district court did not err in denying motion to disqualify where movant presented no evidence that judge harbored a personal bias or prejudice either against him or in favor of any adverse party)).

3

Additionally, the Court's review of the findings of the Magistrate Judge with regard to Myers' motion to recuse (Doc. 23) show that her decision is neither clearly erroneous nor contrary to law. (Doc. 34 at 9-12). As explained by the Magistrate Judge:

> … The crux of Plaintiff's argument is that simply because the U.S. Marshal Defendants work in the courthouse and are responsible for ensuring the Court's safety, the Court is required to recuse itself. Myers has advanced no other argument to show that either bias or prejudice exists. Myers is required to put forth more for an entire Court to recuse itself, or even for the undersigned Magistrate Judge to recuse herself….
>
> \*\*\*
>
> …Myers has not met his burden of showing that the Court's or the undersigned's impartiality could reasonably be questioned and, therefore, **DENIES** Myers' Motion to Recuse (doc. 23). See <u>United States v. Greenough</u>, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation. If this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges.")….

(Doc. 34 at 10, 12).

Per 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the <u>Federal Rules of Civil Procedure</u>, the Court has reviewed Myers' objection and the related portion of the Magistrate Judge's May 1, 2018 Order (Doc. 34) and finds such neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Accordingly, Plaintiff's appeal (Doc. 37) is **DENIED** and that portion of the Magistrate Judge's May 1, 2018 Order related to recusal (Doc. 34) is **AFFIRMED.**

**DONE** and **ORDERED** this the **6th** day of **June 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**
