```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

SCOTT MYERS, #12244-030,        *
                                *
     Plaintiff,                 *
                                *
vs.                             *  CIVIL ACTION NO. 17-00499-KD-B
                                *
U.S. MARSHAL SERVICE, et. al.,  *
                                *
     Defendants.                *
```

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Scott Myers filed the instant action seeking relief under 42 U.S.C. § 1983 while he was detained by the U.S. Marshal Service and housed at the Escambia County Detention Center. (Doc. 1). Myers also filed motions to file a non-standard complaint (doc. 2), to proceed *in forma pauperis* (doc. 3), and for a temporary restraining order (doc. 4). In an order dated November 15, 2017, the Court directed Myers to re-file his complaint and motion to proceed *in forma pauperis* on the Court's required forms no later than December 15, 2017. (Doc. 6). The Court also denied Myers' motion to file a non-standard complaint. (Id.). Instead of complying with the Court's orders, Myers filed a motion for reconsideration, wherein he advised the Court that he was unable to obtain the necessary financial information that needed to accompany his motion to proceed *in forma pauperis*. (Doc. 9). The Court denied the motion on December 7, 2017, and granted Myers leave to re-file his

complaint and motion to proceed *in forma pauperis* by December 29, 2017. (Doc. 12). During this time frame, Myers was transferred from the Escambia County Detention Center to a federal prison in Lovejoy, Georgia. (Doc. 16).

On December 27, 2017, Myers filed an amended complaint and a second motion to proceed without prepayment of fees. (Docs. 20, 21). His amended complaint was, again, on an improper form. Further, Myers' motion to proceed *in forma pauperis* failed to include a printout of his prisoner account for the six months preceding the filing of his action or a declaration, submitted under penalty of perjury, identifying every request he previously made for his financial statement. Accordingly, the Court again granted Myers leave to file a second amended complaint by May 23, 2018. (Doc. 34). Further, the Court directed Myers to re-file his motion to proceed without prepayment of fees by May 31, 2018. (Id.).

On May 25, 2018, Myers filed his second amended complaint, and on June 4, 2018, he filed his motion to proceed without prepayment of fees, and include the required financial statement. (Docs. 35, 39). In the process of reviewing Myers' motion, the Court learned that he was no longer in custody. In an order dated July 16, 2018, the Court noted that Myers was released from the custody of the Federal Bureau of Prisons ("BOP") and, as a result,

he was required to complete a new motion to proceed *in forma pauperis.* (Doc. 43). The Court granted Myers' until August 16, 2018 to file a new motion to proceed *in forma pauperis* in light of his changed circumstances. (Id.). Additionally, the Court reminded Myers of his responsibility to keep the Court apprised of any change in his address and cautioned him that failure to comply with the order within the prescribed time or to notify the Court of a change in his address would result in a recommendation that his action be dismissed for failure to prosecute and comply with the Court's order. (Id.). Finally, because Myers had not provided the Court with an updated address, the Clerk was directed to send a copy of the order to Myers at his last address of record, under the assumption that Myers had provided BOP with a forwarding address. (Id.). On July 31, 2018, Myers' copy of the order dated July 16, 2018 was returned to the Court with the notations "RETURN TO SENDER," "NO MAIL RECEPTACLE," "UNABLE TO FORWARD". (Doc. 45).

A new search of the BOP website confirms that Myers was released from BOP custody on July 6, 2018. To date, Myers has not provided the Court with an updated address. Because Myers is no longer in the custody of the BOP and has neglected to keep the court appraised of his current address, the Court has no means by which to communicate with him and surmises that he has lost interest in this action.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **August 2018.**

                                                   **/s/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**